

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TACKERETTE BIGBEE, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-882-MGL-TER |
| | § | |
| WARDEN JANSON, | § | |
| Respondent. | § | |

**ORDER TRANSFERRING THIS CASE
TO teTHE MIDDLE DISTRICT OF TENNESSEE**

**I.      INTRODUCTION**

Petitioner Tackerette Bigbee (Bigbee) filed this 28 U.S.C. § 2241 petition against Warden Janson (Janson).  Bigbee is self represented.

**II.     FACTUAL AND PROCEDURAL HISTORY**

When Bigbee filed his Section 2241 petition, he was incarcerated at FCI Edgefield, which is located in Edgefield, South Carolina.  As such, FCI Edgefield, as well as Janson, are within this Court's jurisdiction.

Bigbee, however, has been moved from FCI Edgefield and is now in RRM Nashville, located in Nashville, Tennessee, which is a part of Davidson County, Tennessee.  http://www.bop.gov/locations/ccm/cnv/ (last accessed October 12, 2023).  Consequently, RRM

Nashville and its warden are within the jurisdiction of the United States District Court for the Middle District of Tennessee (the M.D. Tenn.). 28 U.S. Code § 123(b)(1).

## III. DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

From this law and these facts, we know the following: the Court has jurisdiction over Bigbee's Section 2241 habeas petition only if it has jurisdiction over his current custodian. But, it does not.

Bigbee's current custodian is the warden of RRM Nashville, who is located, not within this Court's jurisdiction, but instead within that of the M.D. Tenn. Accordingly, Bigbee's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of his petition.

Besides, even if somehow this Court were to assess the petition and then grant the relief Bigbee seeks, the Warden of FCI Edgefield lacks the ability to fulfill an order by this Court granting the petition. This is so because Bigbee is no longer in the Warden of FCI Edgefield's custody. That is why Bigbee's Section 2241 petition must be transferred: so it can be presented to RRM Nashville's warden, Bigbee's immediate custodian, who is within the jurisdiction of the M.D. Tenn.

## IV. CONCLUSION

Consequently, it is the judgment of the Court this case is **TRANSFERRED** to the M.D. Tenn. for further proceedings.

To the extent Bigbee requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day of October, 2023, in Columbia, South Carolina.

>  /s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.