IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TACKERETTE BIGBEE #7309, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:23-cv-01070 |
| v. | ) |
| | ) Judge Richardson |
| WARDEN JANSON, | ) Magistrate Judge Frensley |
| | ) |
| Respondent. | ) |

### ORDER AND MEMORANDUM OPINION

Pending before the Court is a pro se, in forma pauperis petition for habeas corpus relief under 28 U.S.C. § 2241 filed by Petitioner Tackerette Bigbee (Doc. No. 1, "Petition") and Respondent's Motion to Dismiss the petition (Doc. No. 31, "Motion").

### I. BACKGROUND

Petitioner was charged in a superseding indictment in September 2011 with the following offenses: Count One - Possession with Intent to Distribute and the Distribution of 28 grams or more of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two - Possession with Intent to Distribute 28 grams or more of Crack Cocaine and a quantity of Cocaine, in violation of 21 U.S.C. § 841(a)(1); and Count Three - Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See United States v. Bigbee*, Case No. 3:11-cr-00145-1 (Doc. No. 20) (hereinafter "Criminal Case"). Petitioner ultimately pleaded guilty to all three counts of the superseding indictment.[1] (Criminal Case, Doc. Nos. 139, 140).

---

[1] In March 2015, Petitioner initially entered a conditional plea to the indictment, preserving his right to appeal the Court's suppression ruling. (Criminal Case, Doc. No. 91). On July 29, 2016, the Court set aside Petitioner's plea when he filed his fourth suppression motion. (*Id*., Doc. No. 120). The Court ultimately denied that motion, and Petitioner thereafter pleaded guilty a second time to the indictment, again reserving the right to appeal the Court's denial of his suppression motions. (*Id*., Doc. Nos. 132, 139).

The facts supporting Petitioner's convictions are set forth in the revised June 22, 2015 Presentence Report ("PSR")[2], from which the Court derives the following: On June 29, 2011, a confidential informant ("CI") working with the Springfield Police Department ("SPD") conducted a controlled purchase of crack cocaine from Petitioner at his residence in Springfield, Tennessee. The CI approached the residence and knocked on the back door. Petitioner exited the residence and informed the CI that he would be back. Petitioner then left in his vehicle. Officers with the SPD surveilled Petitioner to a storage facility in Springfield. Petitioner briefly entered a storage unit, then exited the unit and facility, and ultimately returned to his residence. At some point thereafter, Petitioner allowed the CI to enter the residence, at which time the CI purchased approximately two ounces of crack cocaine from Petitioner for $2,100 in pre-recorded law enforcement funds. The CI left the residence and turned over the crack cocaine to investigators. Upon recovery of the crack cocaine from the CI, investigators immediately approached the residence, made contact with Petitioner, and placed him in custody. The residence was secured while search warrants were obtained for both the residence and storage unit. In the meantime, an immediate sweep of the residence was conducted by officers, whereupon officers saw in plain view on the dresser a bag containing suspected cocaine. During a search of Petitioner, investigators located the currency used to purchase the crack cocaine inside Petitioner's front pocket. Subsequently, a search warrant was executed at the residence. Officers found additional quantities of crack cocaine, as well as powder cocaine. A search warrant for the storage building Petitioner had entered in Springfield was also obtained. Officers unlocked the storage unit with keys located during the search of Petitioner's home, which Petitioner admitted belonged to him. During the search of the unit, officers found substantial quantities of both powder cocaine and crack cocaine.

---

[2] As is the practice in this Court, the PSR was not docketed; therefore, the Court is unable to provide a CM/ECF Docket Number for the PSR.

Officers also recovered several additional items during the search of the storage facility, including over $8,000 in cash, eight (8) firearms, ammunition, digital scales, and documents belonging to Petitioner. The total net weight of the drugs recovered from Petitioner in this investigation included approximately 126.5 grams of crack cocaine and 279.6 grams of cocaine.

At the time of the incident, Petitioner was a multi-time convicted felon with convictions that included the following: 1) March 10, 1999, Case No. 97-0366, Count Two, Sale of a Schedule II Controlled Substance, a Class B felony, sentence of 8 years, with an offense date of May 20, 1997; 2) September 26, 1997, Case No. 97-0388, Count Three, Possession of a Schedule II Controlled Substance for Resale, a Class B felony, sentence of 8 years, with an offense date of February 24, 1997; 3) September 26, 1997, Case No. 97-0198, Count One, Possession of a Schedule II Controlled Substance for Resale, a Class C felony, sentence of 4 years, with an offense date of February 11, 1997; 4) September 26, 1997, Case No. 97-0014, Count One, Possession of a Schedule II Controlled Substance for Resale, a Class C felony, sentence of 4 years, with an offense date of November 25, 1996; 5) September 26, 1997, Case No. 97-0227, Count Seven, Possession of a Schedule II Controlled Substance for Resale, a Class B felony, sentence of 8 years, with an offense date of November 16, 1996; 6) January 17, 1992, Case No. 8119, Count One, Sale of a Schedule II Controlled Substance, a Class B felony, sentence of 8 years, with an offense date of May 8, 1991; (PSR, ¶¶ 9-16). For sentencing, the Probation Office calculated an advisory guideline range of 262-327 months and noted the applicability of a mandatory minimum sentence of 180 months due to Petitioner's qualification as an Armed Career Criminal as well as a Career Offender.

On October 26, 2016, the Court imposed a total custodial sentence of 180 months, which was the mandatory minimum and well below the Guidelines range, followed by an 8-year term of supervised release. (Criminal Case, Doc. No. 149). On November 9, 2016, the parties filed a Joint

Agreement to Waive Appeal (*id*., Doc. No. 151) and, on November 22, 2016, Petitioner filed a corresponding waiver in which Petitioner waived his right to appeal the Court's denial of Petitioner's suppression motions (*id*., Doc. Nos. 91, 120) as well as his conviction and sentence. (*Id*., Doc. No. 152). Petitioner did not pursue an appeal.

In August 2021, Petitioner filed a Motion for Compassionate Release (Doc. No. 161), which the government opposed (Doc. No. 167), and which the Court ultimately denied. (Doc. No. 170). Petitioner appealed (Doc. No. 171), but the Sixth Circuit later dismissed the appeal for want of prosecution. (Doc. No. 174).

Petitioner initially filed the instant Petition in the United States District Court for the District of South Carolina. At that time, he was confined in FCI Edgefield in Edgefield, South Carolina. Petitioner subsequently was released to a Residential Re-entry Center in Nashville, Tennessee, to complete the remainder of his sentence.[3] As a result, by Order entered on October 13, 2023, Petitioner's case was transferred to this Court. (Doc. No. 36). Prior to Petitioner's transfer, FCI Edgefield Warden Janson filed the Motion, which remains pending.[4]

Petitioner's claims largely implicate the applicability of *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019); the applicability of certain Guidelines provisions, including USSG §§ 2K2.1 and 4B1.1, in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); Petitioner's status as an Armed Career Criminal; the legality of the search of Petitioner's residence; and the overall sufficiency of the evidence supporting his convictions. By Order entered on October 19, 2023, the Court ordered the United States Attorney for the Middle District of Tennessee to file an

---

[3] Citing the Bureau of Prison's website, Respondent states that Petitioner's sentence will be completed on June 15, 2024. (Doc. No. 50 at 1).

[4] Because Petitioner is no longer confined in at FCI Edgefield, Warden Janson is no longer an appropriate respondent for this action.

answer, plead, or otherwise respond to the Petition in accordance with Rule 5, Rules Governing Section 2254 Proceedings (Doc. No. 42), which he has done (Doc. No. 50).[5] At this time, Warden Janson's Motion remains pending, and (as just noted) Respondent has filed a response to the Petition (Doc. No. 50). The matter is now ripe for review.

## II. STANDARD FOR PETITIONS UNDER 28 U.S.C. § 2241

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Brown v. Gilley*, No. 6:23-106-GFVT, 2023 WL 4748174, at *1 & n.1 (E.D. Ky. June 25, 2023) (citing *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011)). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]"  The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Prior to the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), many federal Circuit Courts of Appeal (including the Sixth Circuit) permitted a federal prisoner to challenge his or her conviction or sentence in a Section 2241 petition filed pursuant to the "savings

---

[5] Going forward, "Respondent" refers to Petitioner's unspecified current custodian, on whose behalf Assistant United States Attorney Phillip H. Wehby has made an appearance. (Doc. No. 43).

clause" of 28 U.S.C § 2255(e) if he or she could show "that his [or her] remedy under § 2255 is 'inadequate or ineffective.'" *Forbes v. United States*, No. 21-6091, 2022 WL 1562169 (6th Cir. May 16, 2022) (citing 28 U.S.C. § 2255(e)). "For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Brown*, 2023 WL 4748174, at *2 (quoting *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019))) (other citation omitted).

However, in the aftermath of *Jones*, a prisoner may collaterally attack a sentence under the auspices of Section 2241 only in "unusual circumstances." *Jones*, 599 U.S. at 474.[6] "[U]nusual circumstances," the Court explained in *Jones*, include when the sentencing court has been dissolved or when it is not practicable for the prisoner to have his motion adjudicated by the sentencing court. *Id*. at 473, 474-75 (stating that "the clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose."). "Because AEDPA did not alter the text of § 2255(e)," the Court explained, "there is little reason to think that it altered the pre-existing division of labor between §§ 2241 and 2255." *Id*. at 479 (explaining that a contrary reading of Sections 2241 and 2255 would be "self-defeating."). Thus, prisoners may use Section 2241 to collaterally attack their convictions and sentences only in the narrow circumstances set forth by statute, which *Jones* clarified.

---

[6] *Jones* made clear that prisoners additionally may use Section 2241 for challenges to the legality of detention without attacking the validity of a sentence. 599 U.S. at 475 ("To give a few examples, a prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal.").

## III. ANALYSIS

Here, Petitioner seeks to use Section 2241 to challenge the validity of his sentences and convictions. Petitioner, however, does not allege any "unusual circumstances" as required by *Jones*. *See* 599 U.S. at 474-75. Nothing in the record indicates there are "unusual circumstances" that make it "impossible or impracticable . . . to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. Indeed, this is the sentencing court. "[T]he savings clause does not authorize such an end-run around the AEDPA [the Antiterrorism and Effective Death Penalty Act]." *Id*. at 477. Thus, the petition must be dismissed.

Petitioner's challenge to the sentence imposed should be brought in a Section 2255 motion. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). Petitioner does not appear to have ever filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Nonetheless, the Court finds that it is inappropriate at this time to construe the instant petition as one brought under Section 2255 because, barring certain circumstances, Petitioner only has one opportunity to file a Section 2255 motion and would not have been on notice that his Section 2241 was being construed as his one Section 2255 motion. *See Ivory v. Bureau of Prisons*, No. 3:21-CV-11048, 2021 WL 3885782, at *3 (E.D. Mich. Aug. 31, 2021) ("This court, however, cannot sua sponte re-characterize the petition for writ of habeas corpus [brought under Section 2241] as a motion to vacate sentence brought under § 2255."). *See also Castro v. Smith*, 540 U.S. 375, 383 (2003) (explaining the process a district court must use if it re-characterizes a pro se criminal defendant's motion as a first motion to vacate pursuant to Section 2255).

# IV. CONCLUSION

For the reasons set forth above, the Petition (Doc. No. 1) filed by Petitioner under Section 2241 is **DISMISSED** for lack of subject-matter jurisdiction.[7] This dismissal does not preclude Petitioner from filing a Section 2255 motion.[8]

The Motion to Dismiss (Doc. No. 31) filed by Warden Janson is **DENIED AS MOOT**.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain Certificates of Appealability under 28 U.S.C. § 2253(c)(1). *See Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition.").

Nevertheless, a habeas petitioner seeking to appeal must either pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

---

[7] Extant case law suggests that when a dismissal of a petition under Section 2241 is based on the grounds set forth herein, it is properly deemed a dismissal for lack of subject-matter jurisdiction. *See, e.g., Dentley v. FCI Warden Bowers*, 2024 WL 289010, *4 (W.D. Tenn. Jan. 25, 2024).

[8] Respondent argues in the alternative that, should the Court construe Petitioner's instant Section 2241 petition as a motion under Section 2255, the Court should still summarily deny Petitioner's claims because they are time-barred. (*See* Doc. No. 50 at 6-7). Having declined to so construe, the Court makes no representations herein as to the timeliness of any such claims. Further, Respondent argues that Petitioner's *Havis*-based challenge to his Career Offender status, as well as any other collateral attacks on Petitioner's advisory guidelines range, are not cognizable on collateral review. (*Id*. at 7 n.5). The Court likewise offers no opinion on this issue herein.

In this case, because the Court clearly lacks subject matter jurisdiction over Petitioner's claims, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE